IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AL RICO MAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-222 |
| | ) | |
| LT. BUSTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate who is proceeding *pro se* and is incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia, brings the above-captioned case pursuant to 42 U.S.C. § 1983, complaining about events that occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Plaintiff originally filed the case in the Middle District of Georgia, but that District transferred the case here because the events purportedly occurred in this District. (Doc. nos. 1, 8.) Upon arrival in this District, the Court instructed Plaintiff to amend his complaint to include all of his allegations in one pleading, to be submitted on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (Doc. no. 11.) Plaintiff complied with the Court's directive, and the amended complaint is now before the Court. (Doc. no. 12.)

Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir.

1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs, *inter alia*, disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) the disposition of any such lawsuits, (3) whether they were allowed to proceed IFP in any such lawsuits, and (4) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 12, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

## II. DISCUSSION

Here, under penalty of perjury, Plaintiff identified two prior cases he filed while incarcerated, and he stated that each case was dismissed. (Doc. no. 12, pp. 2, 10.) However, each of those cases culminated in a jury verdict for the defendants and costs being taxed against Plaintiff. Mapp v. Mobley, CV 611-124 (S.D. Ga. Oct. 2, 2013) and Mapp v. Johnson, CV 612-103 (S.D. Ga. Mar. 4, 2014). Moreover, the Court is aware of at least two other cases Plaintiff filed while incarcerated. One case was dismissed when Plaintiff failed to comply with a court order. Mapp v. Burnette, CV 610-090 (S.D. Ga. July 20, 2012). The second case was dismissed when service on the defendant was not timely effected. Mapp v. Anderson, CV 612-024 (S.D. Ga. Apr. 23, 2013). The Court is aware that Plaintiff was represented by counsel in these prior cases, but in each cases Plaintiff failed to disclose, his signature appears on at least one document in the record. See CV 610-090, doc. no. 9; CV 612-024, doc. no. 10. Thus, he cannot be heard to complain that he was not aware of the cases.

3

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about the number of lawsuits filed and disposition of his cases were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction. Because Plaintiff was already granted permission to proceed IFP in this case, (see doc. no. 5), the Court also **REPORTS** and **RECOMMENDS**

that his second IFP motion be **DENIED** as **MOOT**. (Doc. no. 13.)

SO REPORTED and RECOMMENDED this 9th day of January, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA